**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-14358-BLOOM**

JASON T. HUNTER

    Plaintiff,

v.

FLORIDA STATE SENATE, *et al.*,

    Defendant.

_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Proceed in District Court without Prepaying Fees or Costs, ECF No. [19] ("IFP Motion"). On October 22, 2020, the Court entered an order dismissing this case. ECF No. [12] ("Order"). Plaintiff has since filed several notices of appeal with respect to the Order. *See* ECF Nos. [13], [15], [16]. As this case is on appeal, the Court may not rule upon Plaintiff's IFP Motion to the extent that he belatedly seeks leave to proceed *in forma pauperis* ("IFP") before this Court. *See Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) (upon filing of a notice of appeal, "[t]he district court retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded.").

To the extent that Plaintiff seeks leave to appeal IFP, the Motion is due to be denied for two reasons: (1) the Motion does not satisfy the requirements of Rule 24(a)(1)(C) of the Federal Rules of Appellate Procedure, and (2) Defendant's appeal is not taken in good faith.

First, Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party filing a motion in the district court seeking to appeal IFP must attach an affidavit to the motion that,

among other things, "states the issues that the party intends to present on appeal." In addition, the affidavit must "claim an entitlement to redress." Fed. R. App. P. 24(a)(1)(B). The Motion does not include a claim with entitlement to redress, nor does it state the issues he intends to present on appeal.

Second, the Court finds that Plaintiff's appeal is not taken in good faith. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A]rguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). In other words, an appeal filed IFP is frivolous "when it appears the plaintiff has little or no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotation marks omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citation omitted).

In its Order, the Court dismissed Plaintiff's Complaint as legally deficient, finding that it wholly fails to state a viable federal cause of action under 42 U.S.C. § 1983 because it is an incomprehensible shotgun pleading, Plaintiff seeks relief against at least one Defendant who is immune from suit, and that his vague claims against various state agencies are barred by the Eleventh Amendment. *See* ECF No. [12] at 5-8. In addition, the Court noted that any amendment

would be futile based upon the allegations presented. *Id*. at 8. As such, Plaintiff's appeal lacks an arguable basis in law and fact, and the Court therefore certifies that this appeal is not taken in good faith.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [19]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 8, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Jason T. Hunter, *pro se*
05008613
Highlands County Jail
Inmate Mail/Parcels
338 South Orange Street
Sebring, Florida 33870